## T. S. McCAY *v.* J. S. CHAMBLISS.

An action of redhibition to set aside the sale of a slave on the ground that the slave had so little mind or sense as to be utterly worthless, cannot be maintained.

Such a case falls within the Article 2497 of the Code as a defect apparent to any ordinary observer.

APPEAL from the Fourt District Court of New Orleans, *Reynolds*, J. *McCay* and *Edwards*, for plaintiff. *J. B. & C. T. Bemiss*, for defendant and appellant.

VOORHIES, J. The defendant is sued on his promissory note, which he alleges was given in payment of the price of a slave named *Riley*, sold to him by *K. W. McKinney*, with full warranty. *James S. Person*, as holder of the note by blank endorsement from *McKinney*, the payee, caused the same to be protested for non-payment at maturity.

The failure of consideration is the ground of defence on which the payment of the note is resisted. The defendant avers, that after the sale the slave *Riley* proved to be unsound and worthless, and died of a disease under which he labored at the time of the sale; that, under the laws of Mississippi, the domicil of the parties where the contract was made, he has the right to avail himself of his defence against the plaintiff, as holder of the note.

Conceding his proposition to be true, on which we express no opinion, we do not feel ourselves authorized, after a careful perusal of the evidence, to say that the Judge *a quo* erred in his conclusion.

The alleged sale, it appears, took place on the 8th of March, 1852. One of the defendant's witnesses testifies, "that he was informed, and believes," that the negro is dead; that he died during the spring or summer after *Mr. Chambliss* bought him. He does not know of what disease he died; he saw him

several times previous to the 15th of October, 1852, when he seemed to be in good health; but the last time he saw him, about a week or two before he died, he seemed to be in bad health, which he attributed to his exposure while run-away. The other witnesses, *Dennis* and *Lewis*, both testify that "*Riley* had so little mind or sense as to render him utterly worthless," the former adding that he was informed by *R. G. Brown*, the overseer of the defendant, that *Riley* died in August, 1852, but of what disease he did not know; neither did he know the state of his health between the 8th of March and 15th of October, 1852, except while under his charge, just after he had runaway, when he look-ed to be in bad health. There is nothing showing the nature of the disease of which the slave died, nor the date of its origin. No physician appears to have been called in. Neither does it appear that any attempt was ever made by the defendant to have the sale annulled on account of the alleged defects. But it is insisted by him that the proof of the defectiveness of the slave's mind is con-clusive.

It is not pretended that the slave was afflicted with madness, one of the ab-solute vices of slaves giving rise to redhibition. In the case of *Briant* v. *Marsh*, 19 L. R., 392, it is said, that actual idiocy may, perhaps, be considered as one of the absolute vices, although not specially classed as such under Article 2502 of the Code. But the qualification which follows, clearly indicates, we think, that the court did not intend to sanction such an interpretation. On the con-trary, the organ of the court remarked: "But such a defect as that would, we think, be so apparent to an ordinary observer, as to bring the case within the Article 2497 of the Code." So, in the present case, if the slave " *Riley* had so little mind or sense as to be utterly worthless," it appears to us that it must have been apparent to an ordinary observer at the date of the sale. Hence, we do not think the defendant can have any just or legal ground of complaint.

Judgment affirmed.

MERRICK, C. J. I concur in the decree in this case under Art. 2511 C. C., but I am not prepared to say there may not be cases of mental imbecility which would give rise to an action of redhibition, because not a vice discoverable on mere inspection by a person of ordinary experience.